## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENERGY & ENVIRONMENT LEGAL INSTITUTE**<br>722 12th St., NW, 4th Floor<br>Washington, D.C. 20005<br><br>    **Plaintiff,**<br><br>  v.<br><br>**UNITED STATES ENVIRONMENTAL<br>PROTECTION AGENCY**<br>1200 Pennsylvania Avenue, NW<br>Washington, DC 20460<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **Civil Action No. 16-** 1928 |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal") for its complaint against Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY ("the Agency" or "EPA"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to a FOIA request to which EPA has not sent the required response in accordance with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

3. Plaintiff requested a fee waiver as provided by FOIA, due to the public interest in the information the records address, and the media status of the requester.

4. EPA has acknowledged receipt of plaintiff's request and granted the request for a fee waiver, saying a search would be conducted in the future.

5. EPA has not estimated the volume of responsive records, or the FOIA exemptions which might apply to such records, or the timeframe during which plaintiff could expect a response.

6. EPA therefore has not properly responded to plaintiff's request.

7. Accordingly, plaintiff files this lawsuit to compel the EPA to comply with the law and produce the properly described public records in this FOIA request.

## PARTIES

8. Plaintiff Energy & Environment Legal Institute ("E&E Legal") is a nonprofit research, public policy and public interest litigation center incorporated in Virginia, with offices in Washington, DC.  E&E Legal is dedicated to advancing responsible regulation and, in particular, economically sustainable environmental and energy policy.  E&E Legal's programs include analysis, publication, and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

9. Defendant EPA is a federal agency headquartered in Washington, DC whose stated mission is to "protect human health and the environment."

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this brought in the District of Columbia, and because plaintiff and the defendant both maintain offices

in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

11. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because defendant is a federal agency.

## FACTUAL BACKGROUND

12. On May 18, 2016 plaintiff submitted a FOIA request seeking public records discussing and analyzing the work of the Ramazzini Institute, an organization in Italy that U.S. federal agencies have used to provide them numerous assessments and whose output has become the subject of controversy in recent years. The requested records specifically related to the Institute's analytical and toxicological methods and whether the Institute's studies were being considered for use by the EPA.

13. Defendant acknowledged the May 18 request by email on June 1, 2016, assigning it tracking number EPA-HQ-2016-006816.

14. Defendant, by the same June 1, 2016 email, requested that plaintiff narrow the scope of the FOIA request, as defendant claimed that the effort required to comply with the request would limit the agency's responsiveness.

15. On June 3, 2016 via a phone conversation between plaintiff and Larry Gottesman, Chief FOIA and Privacy Brach of the Office of Environmental Information, plaintiff agreed to narrow the request at issue here to only include EPA's Office of Research and Development, Office of Air and Radiation, and Office of Chemical Safety and Pollution

Prevention's Office of Science Coordination; further, plaintiff agreed to limit the request to documents discussing the quality and credibility of the Ramazzini Institute's work.

16. In June 9, 2016, Mr. Gottesman emailed plaintiff to memorialize this narrowing and to inform plaintiff that the search would begin based on the parameters as narrowed.

17. On June 10, 2016 defendant informed plaintiff by letter that the request for the fee waiver had been granted.

18. In the intervening months plaintiff has received no other communication from defendant regarding this request, and no indication defendant is in fact processing the request, as required.

### Defendant's Reply and Subsequent Proceedings

19. Defendant owed substantive responses to plaintiff within 20 working days from the request, which it has failed to provide, in violation of the statutory time limit.

20. In memorializing plaintiff's agreed narrowing of the request on June 9, 2016, defendant indicated that the search for and review of responsive records would begin by June 12, 2016. EPA has not contacted plaintiff regarding this request since that date. EPA has taken no extension of time as permitted under certain circumstances by FOIA; EPA provided no records responsive to this request, a production schedule by which plaintiff should expect records or asserted what FOIA exemptions it believe it might apply to potentially responsive records, or otherwise comply with FOIA's requirements within that 20-day timeframe. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

4

21. Plaintiff has constructively and actually exhausted the administrative process as regards this request, both because of EPA's failure to abide by FOIA's statutory deadlines, and because EPA has not properly advised plaintiff of the finality of its decisions or any relevant appellate rights.

**ARGUMENTS**

22. Transparency in government is the subject of high-profile promises from the president and attorney general of the United States arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.

23. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

24. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the

agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.  EPA did not seek additional information from plaintiff regarding the request at issue in this suit.

25. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59.  To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

26. Defendant EPA owes plaintiff records responsive to the request at issue in this suit, which request, particularly having been narrowed at defendants request, reasonably described the information sought and were otherwise filed in compliance with applicable law, subject to legitimate withholdings, and has failed to provide responsive records or any substantive response in violation of statutory deadlines.

27. Further, should the EPA cross-complain or otherwise argue that its failure to perform is because it is due fees, plaintiff notes that defendant has waived fees and/or waived its ability to assess fees under § 552(a)(4)(A)(viii) by failing to substantively respond to plaintiff within the statutory deadline(s), or by its affirmative waiver in the June 10, 2016 correspondence regarding the request.  The EPA, therefore, has waived all fees and must produce the requested documents as required by law.

**FIRST CLAIM FOR RELIEF**
**Seeking Declaratory Judgment**

28. Plaintiff re-alleges paragraphs 1-27 as if fully set out herein.

29. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

30. Plaintiff asks this Court to enter a judgment declaring that:

    a.   The EPA's correspondence as specifically described in plaintiff's FOIA request described, *supra*, is subject to release under FOIA;

    b.   The EPA must release those requested records or segregable portions thereof subject to legitimate exemptions;

    c.   The EPA may not assess or seek costs and fees for the request at issue in this case, as plaintiff has been granted and continues to be entitled to a waiver of its fees.

**SECOND CLAIM FOR RELIEF**
**Seeking Injunctive Relief**

31. Plaintiff re-alleges paragraphs 1-30 as if fully set out herein.

32. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiff's FOIA request, without fees, subject to legitimate withholdings.

33. Plaintiff asks the Court to order the defendant to produce to plaintiff, within 20 business days of the date of the order, the requested records described in plaintiff's FOIA request, subject to legitimate withholdings.

34. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendant's withholdings and any other remaining issues.

### THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

35. Plaintiff re-alleges paragraphs 1-34 as if fully set out herein.

36. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

37. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA request at issue in this case.

38. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 29th day of September, 2016,

_____/s/_____
Chaim Mandelbaum,
D.D.C. Bar No. VA86199
726 N. Nelson St, Suite 9

Arlington, VA 22203
703-577-9973
chaim12@gmail.com

*Counsel for Plaintiff*